Filed 9/13/16  P. v. Irlas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO ALBIDREZ IRLAS,<br><br>    Defendant and Appellant. | F072026<br><br>(Super. Ct. Nos. F15900868 &<br>F15902327)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Ralph Nunez, Judge.  (Retired Judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to article VI, § 6 of the Cal. Const.)

Stephanie L. Gunther, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P.J., Franson, J. and McCabe, J.†

†       Judge of the Merced Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

In case No. F15900868, appellant Fernando Albidrez Irlas pled no contest to vehicle theft with a prior (Veh. Code, § 10851, subd. (e)) and admitted a prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).[1] In case No. F15902327, Irlas also pled no contest to vehicle theft with a prior. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On January 9, 2015, while conducting vehicle checks, a community service officer located a stolen Toyota pickup truck and notified police officers. Police officers subsequently stopped Irlas as he drove the truck using a "shaved key." Irlas was on mandatory supervision at the time (case No. F15900868).

On February 11, 2015, the district attorney filed a complaint in case No. 15900868 charging Irlas with vehicle theft (count 1/Veh. Code, § 10851, subd. (a)), receiving a stolen vehicle (count 2/§ 496d, subd, (a)), driving while his driving privilege was suspended (count 3/Veh. Code, § 14601.2, subd. (a)), a prior prison term enhancement and with having a prior theft related conviction (§ 666.5).

On April 13, 2015, at approximately 7:01 a.m., police officers ran a check on a Toyota pickup truck that was approaching them and discovered that the truck was stolen. The officers made a U-turn and stopped the truck, which was being driven by Irlas. When Irlas threw a set of keys out of the window as instructed, the officers discovered that he was operating the truck with a "shaved key." Irlas spontaneously stated that a friend had just lent him the truck (case No. F15902327).

On April 14, 2015, the district attorney filed a complaint in case No. F15902327 charging Irlas with one count of vehicle theft (count 1), receiving a stolen vehicle (count 2/ Veh. Code § 496d, subd. (a)), driving when his privilege to drive was

---

**1**      Unless otherwise indicated, all further statutory references are to the Penal Code.

2

suspended (count 3), a prior prison term enhancement, and having a prior theft related conviction (§ 666.5)

On April 27, 2015, the court amended count 1 in each case to charge Irlas with vehicle theft with a prior (Veh. Code, § 10851, subd. (e)).  In each case Irlas then pled no contest to vehicle theft with a prior and admitted the prior theft conviction allegation and in case No. F15900868 he admitted the prior prison term enhancement.  In exchange for his plea, the remaining counts in both cases were dismissed, and the court agreed to sentence Irlas in one case to an aggregate three-year local term (a two-year term on the vehicle theft offense and a one-year prior prison term enhancement) and to a concurrent three-year term local in the other case.[2]

On May 27, 2015, the court struck the prior prison term enhancement and sentenced Irlas to concurrent middle terms of three years' local time on his vehicle theft convictions, split into two years in local custody and one year of mandatory supervision.

On July 15, 2015, Irlas filed an appeal.  An amended appeal was filed on July 27, 2015.  On July 29, 2015, the court granted Irlas's request for a certificate of probable cause.

Irlas's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Irlas has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

### DISPOSITION

The judgment is affirmed.

---

**2**      During the hearing, the court also found that Irlas violated the terms of his mandatory supervision in three unrelated cases.

3